UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KOZMA and WENDY KOZMA,
as Co-Guardians of JODI RENEE KOZMA,

    Plaintiffs,

v.

CITY OF LIVONIA, LIVONIA POLICE
DEPARTMENT, SGT. GIBBS, OFFICER
CAMMARATA, OFFICER SULLIVAN,
OFFICER SALTER, OFFICER SCHROEDER,
POLICE CHIEF CURTIS CAID,
WAL-MART STORES, INC., AMANDA
GOLINSKE, AMILCAR IRELAND, and
CHRISTOPHER PRESTON, II,

    Defendants.

_____/

Case No. 14-cv-12268
Honorable Laurie J. Michelson
Magistrate Judge Michael J. Hluchaniuk

**OPINION AND ORDER REMANDING PLAINTIFF'S STATE CLAIMS
AND GRANTING THE MUNICIPAL DEFENDANTS'
MOTION TO LIMIT PRELIMINARY DISCOVERY [9]**

Jodi Renee Kozma, a mentally disabled adult, and her parents brought this lawsuit against the City of Livonia, its police department and chief of police, several Livonia police officers, Wal-Mart Stores, Inc., and several Wal-Mart employees over an incident at a Livonia Wal-Mart store. According to the Complaint, Jodi was with her grandmother at a Wal-Mart in Livonia, Michigan, when she was approached by Wal-Mart's "Asset Prevention team" and accused of stealing a package of hair ties. (*See* Dkt. 1-2, Compl. ¶¶ 8, 20, 22–23, 51.) Although, the Complaint continues, Jodi's grandmother informed the Wal-Mart employees that Jodi was mentally disabled and could not have intended to steal anything, they continued to "escalate the situation," making Jodi afraid and upset, and ultimately called the Livonia police. (*Id.* at ¶¶ 20,

27, 36.) The Kozmas allege that the Livonia police wrestled Jodi to the floor, handcuffed her, and interrogated her in a security room without the presence of her guardians or other family members. (*Id.* at ¶¶ 62–70.) After about 15 minutes of interrogation, they allege, Jodi was allowed to leave with her family and no charges were filed. (*Id.* at ¶ 78.)

The Kozmas filed this action in Wayne County Circuit Court on May 7, 2014. (*See* Compl.) Count I is against the Livonia Defendants (City of Livonia, Livonia Police Department, Officers Cammarata, Sullivan, Salter, and Schroeder, Sgt. Gibbs, and Police Chief Curtis Caid) under 42 U.S.C. § 1983 for excessive force and unreasonable search and seizure in violation of the Fourth Amendment. (*See* Compl. ¶¶ 87–92.) Count II is against all defendants for the state common law tort of intentional infliction of emotional distress. (*See id.* at ¶¶ 93–99.) Count III is against the Livonia Defendants for the state common law torts of assault and battery. ((*See id.* at ¶¶ 100–107.) Count IV is against the Livonia Defendants for violation of the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.* (*See id.* at ¶¶ 108–12.) Count V is against the Wal-Mart Defendants (Wal-Mart Stores, Inc., Amanda Golinske, Amilcar Ireland, and Christopher Preston, II) for violation of the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.* (*See id.* at ¶¶ 113–17.)

The Wal-Mart Defendants removed the action to this Court on June 9, 2014, with the consent of the Livonia Defendants. (*See* Dkt. 1, Notice of Removal, ¶10.) The removal relied on federal-question jurisdiction—specifically, the § 1983 claim against the Livonia Defendants. (*Id.* at ¶¶ 4–6.) Diversity jurisdiction is not present because at least one plaintiff and at least one defendant are citizens of Michigan. (*See* Compl. ¶¶ 2–3.) *See* 42 U.S.C. §§ 1332; 1441(b)(2).

Although the Court finds that it has subject matter jurisdiction over the Kozmas' § 1983 claim against the Livonia Defendants, the Court declines to exercise supplemental jurisdiction

over the state claims, to avoid jury confusion and because the state claims against the Wal-Mart Defendants substantially predominate over the federal claim against the Livonia Defendants. *See* 42 U.S.C. § 1367(c); *Moor v. Alameda Cnty.*, 411 U.S. 693, 716 (1973) (holding likelihood of jury confusion was appropriate factor to consider in declining supplemental jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994) ("The state claims and federal claims have different legal standards, rules of vicarious liability and immunity, and recoverable damages, and it would be very difficult for a jury to keep them straight.").

Remanding the state law claims will also allow those claims to proceed without delay while the parties litigate the qualified immunity issue in Count I. Qualified immunity shields state officials from suits based on their reasonable discretionary acts. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Moldowan v. City of Warren*, 578 F.3d 351, 396 (6th Cir. 2009). Whether an official is entitled to qualified immunity depends on (1) whether the plaintiff has shown that the official violated his constitutional rights, and (2) whether those rights were "clearly established" at the time the official acted. *Pearson*, 555 U.S. at 232, 236. The Livonia Defendants have filed a Motion to Limit Preliminary Discovery (Dkt. 9), seeking to limit discovery to facts relating to whether or not there was a constitutional violation and whether or not the defendant police officers are entitled to qualified immunity. (*See* Mot. at ¶ 4.) They argue that the qualified immunity issue should be resolved before they are subject to broad-based discovery. (*See* Mot. Br. at 9.) In particular, they wish to limit "the extensive discovery Plaintiff

seeks in connection with the *Monell* claim" against the city because there can be no *Monell* claim against the city if the officers did not violate the Constitution. (*Id.*) Plaintiffs oppose the motion, arguing that bifurcating discovery would result in unnecessarily duplicative discovery because "there would be no way to separate the qualified immunity facts from the liability facts." (Dkt. 11, Resp. at 4.)[1] They also argue that the proposal is "extraordinary" and not supported by case law. (*See id.* at 5.) The Livonia Defendants' Reply provides additional citations in support of bifurcation. (Reply at 3–4.)

The Livonia Defendants' proposal to limit initial discovery to facts related to qualified immunity is not novel or extraordinary. *See, e.g.*, *Young v. Martin*, 172 F. Supp. 2d 919, 922 (E.D. Mich. 2001) (holding defendants were "entitled to have the immunity issue resolved at this juncture prior to permitting discovery" and allowing limited discovery related to qualified immunity), *aff'd sub nom. Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509 (6th Cir. 2002). Nor is their use of the Supreme Court's statements in *Crawford-El v. Britton*, 523 U.S. 574 (1998), "misleading and not relevant," as Plaintiffs contend. (Resp. at 5.) In *Crawford*, the Court said: "When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." 523 U.S. at 597–98. And the Court noted that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Id.* at 598.

---

[1] The Livonia Defendants indicated that Plaintiffs' response to the motion was not filed within the time allowed by Local Rule 7 (Dkt. 12, Reply at 4), but they are wrong. *See* Fed. R. Civ. P. 6(d).

In some cases, limiting discovery to qualified immunity may not be especially meaningful because of the broad scope of facts necessary to determine whether qualified immunity applies. *See O'Neil v. Kiser*, No. 03-cv-10001, 2005 WL 579719, at *3 (E.D. Mich. Mar. 8, 2005) (holding that "to limit discovery to the qualified immunity issue—is easily announced but more difficult in application and perhaps not so limiting" because "the issue of qualified immunity requires an exploration of the contours of the constitutional rights in issue in the context of the specific facts of the case"). But this is not such a case. Plaintiffs cannot state a claim against the City if it is established that there was no constitutional violation by the individual officers. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation."). Therefore, an initial phase of discovery to establish whether a constitutional violation occurred is a meaningful limitation. Discovery relating to the City's policies and training is properly limited until it is determined that there was a constitutional violation.

The Court thus finds that an initial phase of discovery is appropriate in this case. The Livonia Defendants are entitled to an early resolution of the qualified immunity issue before broader discovery is allowed to proceed. If the case continues, there will be no need to repeat discovery that has already been obtained, so no duplication is necessary. To the extent a second deposition is required for any party or witness, for example, it can be limited to issues not already covered. Any additional expense occurred by conducting discovery in two phases is justified by the policy of minimizing the burden of litigation on public officials. *See Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) ("The philosophical underpinning of the doctrine of qualified immunity is a desire to avoid 'the substantial costs' imposed on government, and society," including "distraction of officials from their governmental duties,

inhibition of discretionary action, and deterrence of able people from public service." (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982))). The Motion to Limit Preliminary Discovery (Dkt. 9) is therefore GRANTED.

It is ORDERED that until further order, discovery is limited to whether or not there was a constitutional violation and whether or not the defendant police officers are entitled to qualified immunity.

It is FURTHERED ORDERED that Counts II, III, IV, and V are REMANDED to Wayne County Circuit Court. The court retains jurisdiction over the claim under 42 U.S.C. § 1983 in Count I. If Plaintiffs intend to pursue their federal claim in this Court, they must file an amended complaint by August 26, 2014.

                                                   s/Laurie J. Michelson
                                                   LAURIE J. MICHELSON
                                                   UNITED STATES DISTRICT JUDGE

Dated: August 13, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 13, 2014.

                                                   s/Jane Johnson
                                                   Case Manager to
                                                   Honorable Laurie J. Michelson