# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JOHN KOZMA and WENDY KOZMA**
**as Co-Guardians of JODI RENEE KOZMA,**

    Plaintiffs,

-vs-                                          Case No: 14-CV-12268
                                                  Hon.  Laurie J. Michelson

**CITY OF LIVONIA,** a municipal corporation**,**
**LIVONIA POLICE DEPARTMENT, SGT. GIBBS,**
**OFFICER CAMMARATA, OFFICER SULLIVAN,**
**OFFICER SALTER, POLICE CHIEF CURTIS**
**CAID** and **OFFICER SCHROEDER,**

    Defendants.

_____

| | |
|---|---|
| **DEBORAH GORDON LAW** | **Donald L. Knapp (P55637)** |
| **Gordon, Laughbaum & Prescott** | **Michael E. Fisher (P37037)** |
| **Deborah L. Gordon (P27058)** | **Eric S. Goldstein (P45842)** |
| **Sarah S. Prescott (P70510)** | Attorneys for Defendants |
| **Nicholas M. Saleh (P78412)** | 33000 Civic Center Drive |
| Attorneys for Plaintiffs | Livonia, Michigan 48154 |
| 33 Bloomfield Hills Parkway, Suite 220 | 734-466-2520/FAX 734-466-2072 |
| Bloomfield Hills, Michigan 48304 | egoldstein@ci.livonia.mi.us |
| 248-258-2500/FAX 248-258-7881 | |
| dgordon@deborahgordonlaw.com | |
| sprescott@deborahgordonlaw.com | |
| nsaleh@deborahgordonlaw.com | |

_____

# FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1

Plaintiffs JOHN KOZMA and WENDY KOZMA as Co-Guardians of JODI RENEE KOZMA, by their attorneys **Deborah Gordon Law,** complain against Defendants as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action arising out of the violation of Plaintiff Jodi Kozma's Fourth and Fourteenth Amendment rights, brought pursuant to 42 U.S.C. § 1983.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiffs reside in Oakland County, State of Michigan.

3. The City of Livonia is a municipal corporation located in the County of Wayne, State of Michigan.

4. Defendant Livonia Police Department is a municipal law enforcement agency organized and existing under the laws of the State of Michigan, and is located in the County of Wayne, State of Michigan.

5. Officers Cammarata, Sullivan, Salter and Schroeder and Sergeant Gibbs are employed by Defendant City of Livonia and are sued jointly and severally in their official and personal capacities.

6. Police Chief Curtis Caid is the executive head of the Police Department and is sued jointly and severally in his official and personal capacity.

7. Each Defendant discussed above is a "person" within the meaning of 42 U.S.C. § 1983.

8. This Court has jurisdiction of Plaintiffs' federal constitutional claim under and pursuant to 42 U.S.C. § 1331.

9. The event giving rise to Plaintiffs' claim occurred in Wayne County, Michigan; as a result, venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b).

## FACTS

### GENERAL

10. Jodi Renee Kozma (hereinafter "Jodi") is 25-years old.

11. Plaintiffs John and Wendy Kozma assert Jodi's claim as Jodi's legal guardians and next friends.

12. Jodi is disabled; at birth she was diagnosed with hypoxia and persistent fetal circulation. As a result she is mentally impaired.

13. Jodi's IQ score is in the range of 50-60.

14. Jodi is a student in an alternative education program where she is taught daily life skills.

15. Her parents, John and Wendy Kozma, are her legal guardians.

16. Jodi does not go to public locations without supervision.

## THE STOP

17. On August 3, 2012, at approximately 5:30 P.M., Jodi Kozma entered the Wal-Mart North Livonia, located at 29574 W. Seven Mile Road in Livonia, Michigan 48152 (hereinafter "the store") with her 72-year-old grandmother, Janice Dodd, and her cousin, Jennifer Dodd.

18. After shopping for approximately thirty-five minutes, and paying for their items at terminal number 18, Jodi, Janice, and Jennifer proceeded toward the exit of the store.

19. As the family approached the exit, two plain-clothes Wal-Mart Asset Protection (hereinafter "AP") team members surrounded Jodi in the lobby and blocked her pathway to the door.

20. An AP team member accused Jodi of retail fraud.

21. It is uncontested that the AP team was incorrect; there was no retail fraud.

22. AP surrounded Jodi and corralled her to the customer service area, a semi-walled area near the front of the store, in an effort to get her into the Wal-Mart security room.

23. Jodi became afraid and upset.

24. Janice Dodd informed the AP team that Jodi is disabled; specifically that she is mentally challenged, and would not take an item with the intent to steal.

## THE 911 CALL

25. AP team members called Defendant Livonia Police Department.

26. Defendant Officer Schroeder answered the 911 call.

27. The AP team member informed Officer Schroeder that AP suspected Jodi of retail fraud.

28. The AP team member informed Officer Schroeder that the Kozma family had informed them that Jodi has "special needs."

29. Officer Schroeder asked the AP team member whether the alleged theft amounted to the jurisdictional amount necessary to charge a crime. The AP team member responded that she did not know.

30. Before concluding the call, the AP member reconfirmed with Officer Schroeder that he was aware that Jodi had special needs.

## POLICE ARRIVAL

31. Officers Cammarata, Sullivan, Salter, and Sergeant Gibbs responded to the call in two marked police cruisers.

32. The officers parked the cruisers on the sidewalk directly in front of the store doors, partially blocking egress.

33. The officers spoke with AP and were again informed that Jodi was mentally challenged.

34. Approximately 5 yards away near the customer service desk, Janice was soothing her distraught granddaughter. Defendant Officers approached Janice and Jodi.

35. An Officer pushed Janice away from Jodi. Janice pleaded with the Officers explaining that there was a misunderstanding, that she had checked Jodi's person for products and found nothing, that she had a receipt of payment for the goods alleged stolen, and that Jodi is disabled and could not comprehend the situation.

36. Meanwhile, three Officers surrounded Jodi.

## USE OF EXCESSIVE FORCE

37. The officers pushed Jodi back into the semi-walled area, preventing her from communicating with Janice. Jodi had no means of escape.

38. There was no reason for the Defendants not to simply step back, allow Janice to calm Jodi, and wait for her mother and guardian to arrive. There was no risk of Jodi leaving the store and she posed no danger to herself, the officers, or fellow customers.

39. An Officer ordered Jodi to put her hands behind her back.

40. Jodi did so immediately and without resistance.

41. An Officer restrained Jodi and began to apply handcuffs to her wrists.

42. Jodi, terrified, cried out for her grandmother.

43. A second officer grabbed Jodi's right arm and wrestled Jodi toward his body.

44. The Defendant Officers then threw Jodi to the floor.

45. Jodi fell onto her chest. An Officer landed next to Jodi, gripping her arms, and another Officer landed on top of Jodi.

46. The Officer remained on top of Jodi as he applied handcuffs, temporarily asphyxiating Jodi.

47. Defendant Officers lifted Jodi from the floor by her arms and handcuffs and led her to the security room at the front of the store for interrogation.

48. After approximately 20 minutes of interrogation, Defendants learned that Jodi never had any item.

## COMMON ALLEGATIONS

49. The acts of the individual police Defendants alleged in this Complaint represent official policy and custom of and are attributable to the Defendant City and Police Department for which such individuals worked.

50. The acts of the Police Defendants complained of were under color of state law and undertaken in concert among the named police Defendants.

51. On information and belief, supervisory officials having final policymaking authority for the Defendant Police Department and its officers named in this Complaint had knowledge of the conduct complained of.

52. With regard to the constitutional deprivations alleged herein, it would have been plainly obvious to a reasonable official and/or policymaker that the conduct described did deprive or would lead to deprivations of Plaintiffs' constitutional rights.

53. Upon information and belief, supervisory officials having final policymaking authority the Defendant Police Department nevertheless agreed to, approved, and/or ratified the unconstitutional conduct alleged.

54. Upon information and belief, the Defendant Police Department, by and through its supervisory officials having final policymaking authority, further failed to train. This failure to train led directly to the constitutional deprivations alleged below.

55. Upon information and belief, Defendant police department also failed to intervene in a custom of its employees of violating individuals' constitutional rights. This failure led directly to the constitutional deprivations alleged below.

56. The conduct described in this Complaint was neither privileged nor immune, reflecting at a minimum (and unless otherwise stated) gross negligence because it was so reckless that it demonstrated a substantial lack of concern for Plaintiffs' physical and emotional wellbeing.

## **COUNT I**

## **Violation of 42 U.S.C. § 1983**
## **Violation of Plaintiffs' Fourth and Fourteenth Amendment Rights against Police Department, City of Livonia, and Individual Police Officers**

57. Plaintiffs incorporate by reference their allegations contained in paragraphs 1 through 56, of this complaint.

58. Jodi Kozma had the right to be protected from the use of excessive force and unreasonable search and seizure, guaranteed by the Fourth Amendment to the United States Constitution, and incorporated against the States by the Fourteenth Amendment. Plaintiffs John and Wendy Kozma assert their claim as Jodi's legal guardians and next friends.

59. The individual police Defendants violated Plaintiffs' Fourth Amendment rights, as set forth above, by use of excessive force and unlawfully searching, seizing and arresting Jodi Kozma. The individual police Defendants are liable in their official and personal capacities for their conduct.

60. Defendant City and Defendant Police Department violated Plaintiffs' constitutionally protected right against the use of excessive force and unreasonable search and seizure when the individual police Defendants participated in the unlawful search, seizure, arrest, use of excessive force

and detention of Jodi Kozma, and when the supervisory Defendants failed to train and failed to intervene in and later ratified the constitutional violations.

61. Defendants promulgated and/or carried out the acts and omissions, official policies, orders and directives described above intentionally and deliberately, with wanton and reckless disregard and deliberate indifference for the civil and constitutional rights, privileges and sensibilities of Plaintiffs.

62. As a direct and foreseeable consequence of Defendants' acts, omissions, policy decisions, failure to train, and failure to intervene in a custom of violating individuals' constitutional rights, Jodi Kozma was deprived of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and thereby suffered loss of her freedom, economic damages, and severe emotional injury.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiffs demand judgment against Defendants as follows:

**Legal Relief:**

1. Compensatory damages in whatever amount Plaintiffs are found to be entitled;

2. Exemplary damages in whatever amount Plaintiffs are found to be entitled;

3. Punitive damages in whatever amount Plaintiffs are found to be entitled; and

4. An award of interest, costs and reasonable attorney fees.

**Prospective Injunctive (Equitable) Relief:**

1. An injunction out of this Court (a) requiring Defendants City and Defendant Police Department to provide to all police personnel who interact with the public at least eight hours of training annually on appropriate methods of resolving calls involving those with special needs; (b) after one year, prohibiting Defendants from permitting employees or agents to interact with the public, without properly documented annual training in appropriate techniques for handling those with special needs;

2. An award of interest, costs and reasonable attorney fees; and,

3. Whatever other equitable relief appears appropriate at the time of final judgment.

**DEBORAH GORDON LAW**
**Gordon, Laughbaum & Prescott**
Deborah L. Gordon (P27058)
Sarah S. Prescott (P70510)
/s/Nicholas M. Saleh (P78412)
Attorneys for Plaintiffs
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
248-258-2500
dgordon@deborahgordonlaw.com

Dated: August 26, 2014
sprescott@deborahgordonlaw.com
nsaleh@deborahgordonlaw.com

## JURY DEMAND

Plaintiffs, JOHN KOZMA and WENDY KOZMA as Co-Guardians of JODI RENEE KOZMA, by their undersigned counsel, **Deborah Gordon Law**, demand a trial by jury of all the issues in this case.

|  |  |
|---|---|
|  | **DEBORAH GORDON LAW** |
|  | **Gordon, Laughbaum & Prescott** |
|  | Deborah L. Gordon (P27058) |
|  | Sarah S. Prescott (P70510) |
|  | /s/Nicholas M. Saleh (P78412) |
|  | Attorneys for Plaintiffs |
|  | 33 Bloomfield Hills Parkway, Suite 220 |
|  | Bloomfield Hills, Michigan 48304 |
|  | 248-258-2500 |
| Dated:  August 26, 2014 | dgordon@deborahgordonlaw.com |
|  | sprescott@deborahgordonlaw.com |
|  | nsaleh@deborahgordonlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2014 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
**Gordon, Laughbaum & Prescott**
/s/Nicholas M. Saleh (P78412)
Attorneys for Plaintiffs
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
248-258-2500